# MAY 1, 1935

## CHARLIE ASHER v. THE STATE.

No. 17449.   Delivered March 27, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*S. J. Osborne,* of Breckenridge, and *Wright Stubbs,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over fifty dollars in value, punishment being assessed at two years in the penitentiary.

The property stolen was 6162 feet of two-inch line pipe valued at ten cents per foot. The pipe was the property of the Texas-Pacific Coal & Oil Company, a corporation. It was in the possession and control of C. H. Martin, Superintendent of

Pipe Lines, who was properly alleged to be the owner. The connected pipe was a two-inch water line laid on top of the ground. The State's evidence makes out the case as follows: On June 11, 1934, appellant went to John Lynch and employed him to haul three truck loads of pipe to Wink, telling him that Scott Wasson would show Lynch where the pipe was. Lynch secured the services of two other parties to aid him in hauling the pipe. Wasson piloted the three trucks to where the pipe was picked up. It had been disconnected but it was necessary for the trucks to drive along the line to load, which took some time. After the trucks were loaded appellant got in one of the trucks with the driver and Wasson in another and they accompanied the trucks to Wink. Appellant directed Lynch to take the pipe to the back yard of Joe Wisdom. It was the theory of the State that Lynch was an innocent agent and took the pipe in good faith, not knowing it was being stolen, and that appellant and Wasson were parties together in the theft, and accomplished the theft through Lynch. Article 68, P. C., provides in part, as follows: "If any one by employing a child or other person who cannot be punished to commit an offense * * * the offender by the use of such indirect means becomes a principal."

Giving effect to said article the court in paragraph six of his charge instructed the jury in substance if they believed from the evidence beyond a reasonable doubt that Lynch was employed by appellant to take the pipe and had no knowledge of any fraudulent intent on appellant's part, if any, and had no knowledge that the property was being stolen, if it was, that Lynch could not be punished, but would under such circumstances be the innocent agent of appellant. In the same paragraph of the charge, and immediately following the foregoing the jury was told if they found from the evidence beyond a reasonable doubt that appellant employed Lynch to take the pipe, and that Lynch took it, but at the time had no knowledge that it was being stolen, if it was, and that appellant through Lynch as an innocent agent, took the said pipe from Martin without his consent, and with the intent on the part of appellant to deprive Martin of the value thereof, and with the intent to appropriate to the use and benefit of appellant, the jury would find him guilty.

Appellant objected to paragraph six of the charge, claiming that it in a manner was bolstering the witness Lynch, and assumed that he was on trial, and was in effect an instruction to acquit Lynch of the alleged theft, and was on the weight of the

evidence. We have been unable to discover merit in the objections. The instruction complained of seems to be a fair statement of the law, and a proper application of it to the facts. See section 2428, Branch's Ann. Tex. P. C.

Appellant did not testify. His defense developed through witnesses called by him was that he believed Wasson was the owner of the pipe and had the right to remove it from where it was to Wink, and that he (appellant) was only acting as agent for Wasson in procuring for him trucks to haul said pipe. This defense was pertinently and clearly submitted to the jury, and was rejected.

In bill of exception number one appellant complains at the refusal of his second application for continuance. It was based on the absence of Farmer and Gooch. It averred that the two named witnesses were present at a time when Wasson came to appellant and sought to hire him to haul the pipe alleged to have been stolen, and that appellant told Wasson that appellant had lost his trucks but would secure some for Wasson. It was further represented in the application for continuance that appellant had no other witnesses by whom he could make such proof. The court's qualification to the bill shows that appellant's first application for continuance was based upon the absence of the same witness Farmer, and that proper diligence as to him was lacking. It further appears from the qualification that appellant used as a witness one Jud Davidson who testified to the same facts to establish which appellant sought Farmer and Gooch. Davidson testified that Alma Allen and Grover Davidson were also present and heard the conversation between Wasson and appellant about the trucks. Neither of the two witnesses named were used by appellant, although they were present during the trial. Under the circumstances the denial of appellant's second application for continuance presents no error, nor does the overruling of the motion for new trial, based on such denial.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant bases his motion on two propositions, first, that he was improperly convicted as a principal, his contention being that inasmuch as he was not present at the time the alleged property was taken, but if guilty at all was guilty upon the theory that he had employed an innocent agent,—that his conviction, if any, could legally be only as an

accomplice. We do not so understand the law. In Farris v. State, 55 Texas Crim. Rep., 481, we held that one chargeable under article 68 of our Penal Code, who employed some other person who could not be punished, to commit an offense,—was a principal offender whether present or not. See, also, Pruitt v. State, 91 Texas Crim. Rep., 189; Sheffield v. State, 99 Texas Crim. Rep., 95.

Appellant's second point is that the court's charge submitting the case to the jury under the theory above referred to, is on the weight of the evidence. We have examined the charge and think it not open to said criticism.

The motion for rehearing is overruled.

*Overruled.*