Ex parte Michael Ray HARRELL.

No. 52166.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Art Keinarth, Staff Counsel for Inmates, Huntsville, for appellant.

Henry Wade, Dist. Atty. and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. Upon application to the convicting court, it was concluded that petitioner was not entitled to relief.

On July 2, 1975, the petitioner was convicted by virtue of two indictments, each charging the offense of unlawfully, knowingly and intentionally possessing a criminal instrument, namely, a forged prescription, with intent to use it in the commission of obtaining possession of a controlled substance. The offenses were alleged to have occurred on or about May 6, 1975, and on or about May 31, 1975. The convictions resulted from guilty pleas, and punishment was

assessed at eight (8) years in each case to run concurrently. No appeals were taken.

In his habeas corpus application petitioner contends he was convicted of third degree felonies under the provisions of V.T.C.A., Penal Code, Sec. 16.01, for possessing a criminal instrument, a forged prescription, with the intent to use it in the commission of an offense when he should have been charged in each case under V.T.C.A., Penal Code, Sec. 32.21 (Forgery), as a Class A misdemeanor. He contends that the special statute (Sec. 32.21) controls over the general statute (Sec. 16.01), and that the district court where the convictions occurred did not have jurisdiction and the convictions are void.

V.T.C.A., Penal Code, Sec. 16.01 (Unlawful Use of a Criminal Instrument), as enacted as part of the 1973 Penal Code and in effect at the time of petitioner's convictions reads:

"(a) A person commits an offense if:

"(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or

"(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or set up a criminal instrument.

"(b) For purposes of this section, 'criminal instrument' means anything that is specially designed, made, or adapted for the commission of an offense.

"(c) An offense under this section is a felony of the third degree."

The Practice Commentary to said Section 16.01 contains this observation:

" *    *    *

"As drafted, the offense covers some things the possession of which is made an offense elsewhere in the code. See, e. g., Sections 32.21 (possession of forged instrument); 47.06, 47.07 (possession of gambling equipment and paraphernalia). The 1970 proposed code would have avoided that duplication by limiting the definition of 'criminal instrument' to things 'the possession, manufacture, or sale of which is not otherwise an offense.'

"The punishment under Section 16.01 is inordinately high for an offense that attaches so early in the criminal design. Indeed, it is greater than the punishment for the object offense in some instances. For example, forgery of some instruments is a Class A misdemeanor under Section 32.21(c), but possession of equipment specially designed to forge those instruments is, under this section, a third-degree felony. Rational grading of punishments, one of the principal objects of the new code, would have been better served by a misdemeanor punishment or by stepping the offense down a grade or two below the object offense as the attempt and conspiracy offenses do, see sections 15.01 and 15.02." [1]

V.T.C.A., Penal Code, Sec. 32.21, enacted also as a part of the 1973 Penal Code, reads:

"(a) For purposes of this section:

"(1) 'Forge' means:

"(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

"(i) to be the act of another who did not authorize that act;

"(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

[1] Said Section 16.01 has been amended to read:
"(a) A person commits an offense if:
"(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or
"(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument.
"(b) For the purpose of this section, 'criminal instrument' means anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense.
"(c) An offense under Subsection (a)(1) of this section is one category lower than the offense intended. An offense under Subsection (a)(2) of this section is a felony of the third degree."
Acts 1975, 64th Leg., p. 913, ch. 342, § 7, eff. Sept. 1, 1975.

"(iii) to be a copy of an original when no such original existed;

"(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

"(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

"(2) 'Writing' includes:

"(A) printing or any other method of recording information;

"(B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and

"(C) symbols of value, right, privilege, or identification.

"(b) A person commits an offense if he forges a writing with intent to defraud or harm another.

"(c) Except as provided in Subsections (d) and (e) of this section an offense under this section is a Class A misdemeanor.

"(d) An offense under this section is a felony of the third degree if the writing is or purports to be a will, codicil, deed, deed of trust, mortgage, security instrument, security agreement, credit card, check or similar sight order for payment of money, contract, release, or other commercial instrument.

"(e) An offense under this section is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by a state or national government or by a subdivision of either, or part of an issue of stock, bonds, or other instruments representing interests in or claims against another person."

■ It is evident that petitioner could have been convicted of forgery in each case under Section 32.21(a)(1)(C)—possession of a writing with intent to utter it.[2]

Thus, we are confronted with two statutes that deal with the same subject matter insofar as the forged prescriptions are here concerned.

In 53 Tex.Jur.2d, Statutes, Sec. 186 (Statutes in pari materia), p. 280, it is written:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their

---

**2.** The State raises the question whether under Section 32.21(b) petitioner could have been charged with forging a writing "with intent to defraud or harm" since the writing was a forged prescription and asked who is harmed or defrauded when an actor presents a forged prescription to a pharmacist in an attempt to obtain drugs?

V.T.C.A., Penal Code, Sec. 1.07, provides in part:

"(4) 'Another' means a person other than the actor.

"(27) 'Person' means an individual, corporation, or association.

"(5) 'Association' means a government

. . . .

"(16) 'Harm' means anything reasonably regarded as loss, disadvantage, or injury, in-

cluding harm to another person in whose welfare the person affected is interested."

The regulation of prescriptions by the State such that dangerous and habit-forming drugs are not indiscriminately dispensed to the general public authorized by the interest of the government in the health and welfare of the populace. *Robinson v. California*, 370 U.S. 660, 664, 82 S.Ct. 1417, 1419, 8 L.Ed.2d 758 (1962). The "harm" which occurs when an individual forges a prescription and presents it to a pharmacy is therefore to the government and to the public, whose health and welfare are being protected by drug control statutes. Therefore, the State's argument that no one is injured other than the forger himself must be discounted. *Whipple v. Martinson*, 256 U.S. 41, 41 S.Ct. 425, 65 L.Ed. 819 (1921).

provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."

■■ And the rule discussed above applies with peculiar force to acts passed at the same session of the legislature, and even with greater force to acts passed at the same time. 53 Tex.Jur.2d, Statutes, Sec. 188, p. 286. Here, we are confronted with two sections of a Penal Code enacted in one bill. It is presumed that contemporaneous statutes are actuated by the same policy and imbued with the same spirit and should be read together and harmonized and each upheld unless their provisions are absolutely repugnant. 53 Tex.Jur.2d, Statutes, Sec. 188, p. 286.

Article 5429b–2, Sec. 3.06, Vernon's Ann. C.S. (Code of Construction Act), also provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to .the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

■ That this statute is applicable to criminal cases cannot be questioned for a number of reasons, but particularly because of the terms of V.T.C.A., Penal Code, Sec. 1.05(b), which provides:

"Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05, *and 3.01 through 3.12* of the Code Construction Act (Article 5429b–2, Vernon's Texas Civil Statutes) apply to the construction of this code." (Emphasis Supplied)

In *Cuellar v. State,* 521 S.W.2d 277 (Tex. Cr.App.1975), the motion for continuance in a criminal case was accompanied by an affidavit of the defendant's counsel, who was an attorney-legislator who sought a legislative continuance under the terms of Article 2168, Vernon's Ann.C.S., but it was not sworn to by the defendant as required by Article 29.08, Vernon's Ann.C.C.P. The court held that where a special statute and general statute relate to the same subject matter the special will control as to the extent of any conflict. Thus, it was held that the failure to grant the continuance was error since the special statute (Article 2168, Vernon's Ann.C.S.) governed over the general statute (Article 29.08, Vernon's Ann.C.C.P.) in limited situations where an attorney-legislator applied for a continuance for his client.

In *Hines v. State,* 515 S.W.2d 670 (Tex.Cr. App.1974), the defendant was convicted and punished under the provisions of Article 802c, Vernon's Ann.P.C., 1925 (murder by automobile while intoxicated). On appeal he contended the jury should have been instructed as to penalty under a later enacted statute—Article 6701d, Sec. 50A(a), (b), Vernon's Ann.C.S. This statute provided that whoever unlawfully and unintentionally (with a conscious disregard for the rights of others) shall cause the death of another person while engaged in violation of any State law or municipal ordinance applying

to the operation or use of a vehicle, etc., or regulation of traffic shall be guilty of homicide when the violation is the proximate cause of death. It provided for a fine or time in the county jail or both. Its penalty provisions varied from that of Article 802c, supra.

In *Hines,* the court stated:

"As can be observed, Article 6701d, Sec. 50A(a), (b), supra, is a broad and general statute applicable to different factual situations, while Article 802c, supra, is a special statute directed to the situation where the death results from the automobile driven by an intoxicated driver. The statutes are in pari materia and when construed together can be harmonized and given effect with the special governing the general in the event of any conflict. See 53 Tex.Jur.2d, Statutes, Sec. 186, p. 280."

The case was affirmed.

 Likewise in the instant case it is observed that V.T.C.A., Penal Code, Sec. 16.01, is a broad and general statute applicable to all types of possession of criminal instruments with intent to use them in the commission of an offense, etc., while possession of a forged writing with intent to utter it is forgery under V.T.C.A., Penal Code, Sec. 32.21(a)(1)(C), and is a special statute dealing with possession of forged instruments, including forged prescriptions. The statutes are in pari materia and when construed together can be harmonized and given effect with the special governing the general in the event of any conflict. See *Thomas v. State,* 129 Tex.Cr.R. 628, 91 S.W.2d 716 (1936).

We conclude that the petitioner was improperly convicted of unlawful possession of a criminal instrument and should have been charged with forgery under said Section 32.21(a)(1)(C), a misdemeanor, over which the convicting district court did not have jurisdiction.

The State urges "the true issue" is one of carving. We do not agree. The issue in the present case is which statute controls when both statutes cover the offense involved.

The relief requested by the habeas corpus application is granted, the convictions are set aside and the indictments ordered dismissed.

It is so ordered.