Windell Dwayne SARRATT, Appellant,

v.

The STATE of Texas, Appellee.

No. 53393.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason and James G. Walker, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The appellant was convicted on May 29, 1975, of "unlawful possession of a criminal instrument, to-wit: a forged prescription." His punishment was assessed at two years, probated. Later, on May 13, 1976, appellant's probation was revoked and sentence was imposed.

Appellant contends that the conviction is void because the district court did not have jurisdiction. We agree and reverse. See *Standley v. State*, 517 S.W.2d 538 (Tex.Cr. App.1975), and *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972).

Omitting the formal parts, the indictment alleges that on or about February 24, 1975, the appellant:

"did then and there unlawfully knowingly and intentionally possess a criminal instrument, namely; [sic] a forged prescription, with intent to use it in the commission of obtaining possession of a controlled substance, to-wit: PRELUDIN."

This indictment is virtually identical to those in *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976), 1 TCR 955. There we construed V.T.C.A., Penal Code, Sections 16.01 (unlawful use of a criminal instrument, a third degree felony) and 32.21(a)(1), (c) (possession of a writing with intent to utter it, a Class A misdemeanor). We held that the defendant could have been charged and convicted of the latter offense and that therefore there were "two statutes that deal with the same subject matter insofar as the forged prescriptions are here concerned." 542 S.W.2d, at 171, 1 TCR, at 956.

We then concluded that:

". . . V.T.C.A., Penal Code, Sec. 16.-01, is a broad and general statute applicable to all types of possession of criminal instruments with intent to use them in

the commission of an offense, etc., while possession of a forged writing with intent to utter it is forgery under V.T.C.A., Penal Code, Sec. 32.21(a)(1)(C), and is a special statute dealing with possession of forged instruments, including forged prescriptions. The statutes are in pari materia and when construed together can be harmonized and given effect with the special governing the general in the event of any conflict. See *Thomas v. State*, 129 Tex.Cr.R. 628, 91 S.W.2d 716 (1936).

"We conclude that the petitioner was improperly convicted of unlawful possession of a criminal instrument and should have been charged with forgery under said Section 32.21(a)(1)(C), a misdemeanor, over which the convicting court did not have jurisdiction." 542 S.W.2d, at 173, 1 TCR, at 957.

See also *Fronatt v. State*, 543 S.W.2d 140 (Tex.Cr.App.1976), delivered November 17, 1976; 2 TCR ——.

As in *Harrell*, the appellant was indicted under the general statute instead of the governing special statute. For the reasons stated in *Harrell*, the judgment is reversed and the prosecution ordered dismissed.