Timothy SANFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 62961.

Court of Criminal Appeals of Texas, Panel No. 3.

June 16, 1982.

Rehearing Denied July 14, 1982.

Paul Tatum, Nacogdoches, for appellant.

Gerald A. Goodwin, Dist. Atty. and Judith C. Moss, Asst. Dist. Atty., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault. Punishment was probated after being assessed at confinement for five years and a fine of $1,000.

Appellant raises three grounds of error on appeal. The sufficiency of evidence is not challenged. It is contended that appellant was erroneously indicted for an offense which was governed by a more specific section of the Penal Code, and, in two grounds of error he argues the trial court erred in denying a request for an instruction to the jury on "recklessness."

■ Ground of error one is stated as follows:

"That the indictment in this case is fundamentally defective in that the offense alleged is that of aggravated assault under Article 22.02 of the Penal Code ... and that the evidence in this case concerning an offense, if any, is an offense under Article 22.04 ... as Johnny Dale New, the alleged victim, is a minor who is fourteen years of age or younger."

The argument is that under the rule applied in *Ex parte Harrell*, 542 S.W.2d 169, the specific statute controls over the general and because the evidence showed the conduct falls within Sec. 22.04, the indictment is defective. In *Harrell*, this Court reversed a conviction for possession of a criminal instrument, a forged prescription, with intent to use it in the commission of an offense. See V.T.C.A., Penal Code Sec. 16.01.

We held that the defendant should have been charged under the special statute prohibiting possession of a forged writing with intent to utter it. See V.T.C.A., Penal Code Sec. 32.21(a)(1)(C). The holding was based on an application of the rule of construction discussed in 53 Tex.Jur.2d, Statutes, Sec. 186, p. 280:

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."

Here, it can be said the Sec. 22.04 is a more specific statute dealing with the same subject matter. At the time of trial, this section provided, in pertinent part:

"(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger:

"(1) serious bodily injury."

The indictment charged that appellant did "intentionally and knowingly cause serious bodily injury to Johnny Dale New by beating him on and about the head with his fist."

It is accurate to state that the evidence will not authorize a conviction for the offense for which appellant was convicted if the rule applied in *Harrell* controls. See

Art. 40.03(9), V.A.C.C.P. But *Harrell* and other cases following the rule in pari materia did not involve situations where the more specific offense calls for a greater punishment than the offense for which the defendant was convicted. Compare *Jones v. State*, 552 S.W.2d 836; *Sarratt v. State*, 543 S.W.2d 391. If the State had indicted appellant under Sec. 22.04 alleging the same degree of culpability as here alleged, the offense would have been a second degree felony. The offense of aggravated assault, however, is a third degree felony. Actually, appellant is arguing that he should have been indicted for a greater offense. The result of such an argument should be governed by Art. 40.03(9), V.A.C.C.P., which provides that "[a] verdict is not contrary to the law and evidence, within the meaning of this provision, where the defendant is found guilty of the offense of inferior grade to, but of the same nature as, the offense proved."

Although the evidence actually proved an offense under Sec. 22.04, the offense for which appellant was found guilty was of a lesser grade providing for a *lesser* punishment. In such cases, a defendant should not be allowed to rely on *Harrell* in support of reversal. Appellant's first ground of error is without merit.

█ In grounds of error two and three, it is argued that the trial court erred in its submission to the jury of the lesser included offense of simple assault because reckless was not included or defined as a culpable mental state. The trial court instructed the jury that "if you should find that he did not inflict 'serious bodily injury' . . . or if you have a reasonable doubt thereof, then you should acquit the defendant of aggravated assault and consider whether he is guilty of the lesser offense of assault by causing bodily injury to another." The following paragraph enunciated the requirements for finding appellant guilty of the lesser offense:

"If you find from the evidence beyond a reasonable doubt that at the time and place aforesaid the defendant did unlawfully and intentionally or knowingly make an assault upon the person of Johnny Dale New by then and there beating him on and about the head with his fist, but you further find from the evidence that he did not inflict serious bodily injury upon the said Johnny Dale New, or you have a reasonable doubt as to whether he inflicted serious bodily injury upon the said Johnny Dale New, then you will find defendant guilty of assault by causing bodily injury."

Appellant complains of the omission of the culpable mental state of "reckless" in the charge and of the failure of the court to include a definition of the term. The offense of simple assault under V.T.C.A., Penal Code Sec. 22.01 includes recklessness as a theory of committing the offense:

"Sec. 22.01. Assault

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another . . ."

However, the trial court did not err in refusing appellant's requested charge because *that particular theory* of assault was not raised by the evidence. In *McBrayer v. State*, 504 S.W.2d 445, this Court stated:

". . . merely because a lesser included offense is included within the proof of a greater offense, a charge on a lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense."

Similarly, the fact that a defendant is entitled to a charge on a lesser offense does not necessarily grant entitlement to a submission of all the various theories by which that lesser offense may be committed. If the evidence does not raise a reckless assault under Sec. 22.01, it was not error to charge only on an intentional and knowing assault under Sec. 22.01.

Appellant testified at trial that he slapped the complaining witness once and that it was only a "playful gesture," stating he did not intend to hurt or injure him. Other evidence established that appellant intentionally struck the child several times because he thought the complaining witness

had kicked his nephew. Although a defendant's testimony alone may be sufficient to raise an issue requiring the submission of a charge on a lesser included offense, *Day v. State*, 532 S.W.2d 302; *Briceno v. State*, 580 S.W.2d 842, appellant's testimony fails to fall within this rule. The testimony is basically a denial of the offense and fails to raise an issue on whether he recklessly caused bodily injury under Sec. 22.01 as that culpable mental state is defined in V.T.C.A., Penal Code Sec. 6.03(c)[1]. The ground of error challenging the omission of the "reckless" culpable mental state from the charge on simple assault is overruled. Therefore, the ground of error urging that a particular definition of "reckless" should have been submitted is also without merit.

Appellant's grounds of error are overruled and the judgment is affirmed.

---

1. Sec. 6.03(c) defines "recklessness" as follows:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."