Ernestine Miles McMILLAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01434–CR.

Court of Appeals of Texas,
Dallas.

April 30, 1984.

Rod L. Poirot, Dallas, Charles Van Cleve, Arlington, for appellant.

R. Kristin Weaver, Anne Wetherholt, Asst. Dist. Attys., Dallas, for appellee.

Before AKIN, ROWE and STEWART, JJ.

STEWART, Justice.

Ernestine McMillan appeals from a conviction for the offense of tampering with a governmental record. In four grounds of error, she claims that the indictment and evidence did not allege or prove that an offense was committed, the indictment charged her with an offense under the wrong statute, the statute of limitations had run on the offense for which she should have been charged, and the indictment failed to inform her of the nature of the offense charged. We overrule her grounds of error and affirm the conviction.

Appellant was charged with tampering with a governmental record in violation of TEX.PENAL CODE ANN. § 37.10(a)(1) (Vernon 1974) which declares it an offense if a person "knowingly makes a false entry in, or false alteration of, a governmental record." The indictment alleged that appellant "knowingly and intentionally caused James Mayfield ... to make a false entry ... in a governmental record ... with intent to defraud." Appellant pleaded guilty to the offense, and her judicial confession tracked the indictment. Appellant now asserts that she did not commit an offense under section 37.10 because she did not make a false entry herself and the statute does not mention the act of causing another to make a false entry. She urges that the prosecution should have alleged a theory of agency in order to bring her within the purview of section 37.10. *Asher v. State*, 128 Tex.Cr.R. 388, 81 S.W.2d 681 (1935). Consequently, she contends that, by the terms of the indictment and the evidence, no offense was alleged or proved. We disagree.

TEX.PENAL CODE ANN. § 7.01(a) (Vernon 1974) states that a "person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Under TEX.PENAL CODE ANN. § 7.02(a) (Vernon 1974), a "person is criminally responsible for an offense committed by the conduct of another if ... acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense...." We hold that appellant was properly charged with the offense. It is not necessary that the indictment allege that she was criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such

allegation in the indictment. *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Crim.App.1978) (en banc). The indictment adequately tracks the provisions of sections 37.10, 7.01, and 7.02. *Baldwin v. State,* 538 S.W.2d 109 (Tex.Crim.App.1976).

■ In her first ground of error, appellant also challenges the sufficiency of the evidence proving an offense under section 37.10. Her argument erroneously assumes that the indictment is insufficient. The confession sets forth facts which support a finding of guilty of the offense alleged in the indictment. Consequently, we overrule ground of error one.

In her second and third grounds of error, appellant contends that the case should have been brought under TEX.HUMAN RES.CODE ANN. § 33.011 (Vernon 1980), dealing with the illegal possession, transfer, and use of food stamps, rather than TEX.PENAL CODE 37.10 (Vernon 1974), tampering with governmental records. Appellant claims that the district court did not have proper jurisdiction to hear the case because, under section 33.011, the offense was merely a misdemeanor and, further, because prosecution would have been barred by the expiration of the time allowed under the statute of limitations for misdemeanor offenses. TEX.CODE CRIM. PROC.ANN. art. 12.02 (Vernon 1977). She cites as authority cases which hold that the 1964 version of TEX.REV.CIV.STAT.ANN. art. 695c, § 34 (Vernon 1964) (amended by Acts 1977, 65th Leg., p. 637, ch. 235, § 1, effective May 25, 1977), a specific statute dealing with welfare fraud, controlled over the then current version of TEX.PENAL CODE ANN. § 31.03 (Vernon 1974) (before amendments), a general theft statute. *Valdez v. State,* 553 S.W.2d 110 (Tex.Crim. App.1977); *Jones v. State,* 552 S.W.2d 836 (Tex.Crim.App.1977). Appellant relies on *Jones,* asserting that, where the same conduct is prohibited by two statutes, the specific controls over the general. We distinguish these cases from the case at bar.

*Valdez* and *Jones* reversed felony theft convictions under the general theft statute, TEX.PENAL CODE ANN. 31.03 (Vernon

1974). The defendants were charged with making fraudulent misrepresentations to obtain welfare assistance or food stamps. The courts held that the defendants should have been charged under Article 695c, § 34, a more specific statute dealing with the same conduct. Subsequently, section 34 was replaced by TEX.REV.CIV.STAT. ANN. art. 695c § 7–B (Vernon 1977) (repealed by Acts 1979, 66th Leg., p. 2429, ch. 842, art. 1, § 2(1), effective September 1, 1979). Neither section 7–B nor its successor, TEX.HUMAN RES.CODE ANN. § 33.-011 (Vernon 1980), addresses the conduct of fraudulently obtaining food stamps which was formerly dealt with in section 34.

■ Appellant misapplies the rule of the Code of Construction Act, TEX.REV. CIV.STAT.ANN. art. 5429b–2, § 3.06 (Vernon Supp.1984). The specific statute controls over the general only if there is an irreconcilable conflict between two statutes that are in *pari materia. Garcia v. State,* 669 S.W.2d 169 (Tex.App.—Dallas 1984, no pet.) (not yet reported); *See Ex parte Harrell,* 542 S.W.2d 169 (Tex.Crim.App.1976). We hold that, while food stamps may be the subject of both statutes, food stamps are the subjects of "different acts having different objects, intended to cover different situations and [which] were apparently not intended to be considered together." *Alejos v. State,* 555 S.W.2d 444, 450–451 (Tex.Crim.App.1977) (On State's Motion for Rehearing). Because section 33.011 of the Human Resources Code does not prohibit the same conduct as section 37.10 of the Penal Code, the statutes are not in *pari materia.* Further, the Attorney General of the State of Texas, in Opinion Number MW–582 (December 31, 1982), concluded that section 33.011 "does not bar prosecution under the Texas Penal Code for offenses occurring after May 25, 1977." Finally, the Court of Criminal Appeals in *Ex Parte Mangrum,* 564 S.W.2d 751, 756 (Tex. Crim.App.1978), declared that, by repealing section 34 of article 695c, the legislative intent was to provide that offenses deleted by the amendment were now chargeable

under the offense of theft, and in some instances the offense may be a felony.

Appellant argues that *Mangrum* cannot apply to the case at bar because it was decided prior to the enactment of section 33.011. We disagree. Even though section 33.011 was not in effect at the time *Mangrum* was decided, section 7–B was in effect and was substantially the same as its successor section 33.011. Furthermore, the offense of obtaining food stamps by fraud was deleted in section 7–B and also in section 33.011, making the holding of *Mangrum* as relevant today as it was when it was decided.

■■■■ Alternatively, appellant argues that she should have been charged under TEX.PENAL CODE § 31.03 (Vernon 1974), theft by deception, or TEX.PENAL CODE § 32.46 (Vernon 1974), securing execution of a document by deception, rather than TEX.PENAL CODE 37.10, tampering with governmental records. We disagree. Neither the federal nor state constitution prohibits multiple prosecution for more than one statutory offense committed in the same transaction. *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1982) (On State's Motion for Rehearing) *cert. denied* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). With the abandonment of the carving doctrine, the state could have charged appellant with any or all of the offenses that occurred during the same transaction. *McWilliams*, 634 S.W.2d at 824. We overrule grounds of error two and three.

In the fourth ground of error, appellant contends that the trial court erred in overruling her motion to quash the indictment. She claims that the indictment failed to apprise her of the nature of the case against her because it failed to set forth the manner and means by which she defrauded the Texas Department of Human Resources; how she continuously received earned income; how the amount of income was calculated; and how her entitlement to foods stamps was computed. These failures, according to appellant, violate TEX. CODE CRIM.PROC.ANN. art. 21.02(7) (Vernon 1966) which requires that the "offense must be set forth in plain and intelligible words." Appellant further asserts that the indictment is not definite enough to be utilized as a plea in bar to any subsequent prosecution on the matter. We disagree.

■■■■ The Court of Criminal Appeals set forth the basic requirements for a "plain and intelligible" indictment:

... The indictment must allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with ...

*Swabado v. State*, 597 S.W.2d 361, 363 (Tex.Crim.App.1980) (*en banc*); *Terry v. State*, 471 S.W.2d 848, 852 (Tex.Crim.App. 1971). The complained of indictment alleges that appellant knowingly and intentionally caused another to make a false entry in a governmental record, and that her conduct was with the intent to defraud the Texas Department of Human Resources. It further specifies how she caused the false entry to be made, why the entry was false, and the effect of the false entry. In *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim.App.1981) (on State's Motion for Rehearing), the Court of Criminal Appeals held that the State is not required to plead absolute factual allegations. Further, "[u]nless a fact is essential information to the defendant, the indictment need not plead the evidence relied on by the State." *Phillips v. State*, 597 S.W.2d 929 (Tex. Crim.App.1980). We hold that the indictment sufficiently meets the requirements of *Swabado* and *Terry;* accordingly, we overrule ground of error four.

Affirmed.