CURTIS ALEX MCKENZIE v. STATE.

No. 26,607.  November 25, 1953.
Appellant's Motion for Rehearing (Without Written
Opinion) January 27, 1954.

*Martin & Shown*, by *W. E. Martin*, Houston, for appellant.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The indictment in this case charged in a single count the driving of an automobile upon a public highway while intoxicated, which is an offense of the grade of a misdemeanor, under the provision of Art. 802, P. C. There was the further allegation, in connection therewith, that appellant, before the commission of that offense, had been convicted of an offense of the same character. The two allegations, together, charged the felony offense of driving an automobile while intoxicated, as denounced by Art. 802b, P. C.

The case came on for trial in the criminal district court of Harris County and, upon the trial thereof, the state did not establish the allegation of a prior conviction. The trial court submitted to the jury only the primary or misdemeanor offense charged in the indictment. The jury convicted of that offense and assessed appellant's punishment at confinement in jail for thirty days.

It is insisted that when the state failed to establish the allegation of prior conviction, the trial court lost jurisdiction of the case and was authorized to do nothing more than to transfer the case to the county court at law of Harris County, the court having jurisdiction over the misdemeanor offense of drunk driving.

It is insisted that the judgment is sustainable for either of two reasons, which are: (a) The criminal district court of Harris County has jurisdiction of misdemeanors, and (b) the misdemeanor offense of drunk driving was an offense included within the allegation of the indictment.

If either of these contentions be correct, the judgment is valid.

Art. 694, C. C. P., authorizes a conviction for a lower offense which is included within the offense that is the basis of the prosecution.

In the case of Tomlin v. State, 155 Tex. Cr. R. 207, 233 S. W. 2d 303, in determining what constitutes an included of-

fense within the meaning of Art. 694, C. C. P., the rule is stated as follows:

"The rule appears to be that where the offense charged is not within the provisions of said Art. 695, C. C. P., in order to warrant a conviction for a lesser offense than that charged in an indictment, it is necessary that every constituent element of the lesser offense be alleged in the indictment, and that there be no repugnancy between the constituent elements of the lesser offense and those of the offense charged."

We are constrained to conclude that the above rule is applicable and controlling, here, where the misdemeanor offense of drunk driving is not only included within the allegations of the indictment but is a constituent element of the felony offense charged, without which the felony offense does not exist.

The trial court was not without jurisdiction to render the judgment appealed from.

The judgment is affirmed.

Opinion approved by the court.