**Joe Moody EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39410.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Rehearing Denied May 25, 1966.

Robert H. Rice, San Antonio, Arnold W. Franklin, Jourdanton, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was charged by indictment with the subsequent offense of drunk driving, a felony. Upon the trial, the court withdrew from the jury's consideration that part of the indictment alleging the prior conviction and submitted only the issue of appellant's guilt of the misdemeanor offense alleged.

This is an appeal from a judgment entered by the court upon the jury's verdict finding appellant guilty of the misdemeanor offense of drunk driving and assessing his punishment at thirty days in jail and a fine of $250.

It was undisputed that appellant was stopped and arrested at 9:45 p. m. by highway patrolman Grady Langford while driving his automobile upon state highway #346 some five miles north of Poteet in Atascosa County. Patrolman Langford testified that before stopping appellant he observed the automobile which he was driving cross over the center line several times and continuously weave on the highway. He

stated that after he stopped appellant he could smell an alcoholic odor on his breath; that appellant said he had been drinking beer; that he talked with a thick tongue and staggered when he walked. The officer expressed the opinion that at such time appellant was intoxicated.

Justice of the peace, W. L. Cook, and other witnesses who observed appellant after his arrest and before he was placed in jail expressed their opinion that he was intoxicated.

Appellant did not testify but called witnesses who testified that his reputation for being a peaceable and law-abiding citizen was good.

Witnesses also testified that on the day in question appellant had been in Goliad working with some race horses, that he left Goliad around 5 p. m. and at such time he was sober.

The witness George Williams testified that before leaving Goliad, appellant had consumed only two or possibly three bottles of beer; that after the races they left Goliad in separate vehicles; that appellant drove his car behind and when it started weaving the witness stopped and asked him if he was sleepy. Appellant stated that he was, and got in the witness's pickup with another driver, and the witness drove appellant's automobile to Poteet; that when they arrived in Poteet they ate at a cafe around 9 p. m. and then went to a dance, where they had another beer; that around 9:30 appellant left the dance and at such time he was not intoxicated.

The jury by their verdict resolved the disputed issue of intoxication against the appellant, and we find the evidence sufficient to sustain the judgment of conviction.

We overrule appellant's contention that the court should have dismissed the cause for want of jurisdiction when appellant's objection to the proof offered by

the state of the alleged prior misdemeanor conviction for drunk driving was sustained.

The misdemeanor offense of drunk driving was an offense included within the allegations of the indictment and a constituent element of the felony offense charged. Under the provisions of Art. 694, C.C.P., in effect at the time of the trial, a conviction for the lower included offense was authorized and the court was not without jurisdiction. McKenzie v. State, 159 Tex.Cr.R. 346, 263 S.W.2d 562.

 The reading of that portion of the indictment alleging the prior misdemeanor conviction and the state's attempt to make proof thereof before the jury does not present reversible error. There is no showing of any bad faith on the part of the state, and the jury was instructed that the allegation in the indictment charging the prior conviction had been withdrawn and was not to be considered for any purpose.

Appellant's remaining contentions are that the court erred in permitting the state to impeach the witness George Williams because such impeachment testimony was hearsay, not under oath, and highly prejudicial.

The record reflects that on cross-examination the witness was asked if, when the highway patrolman called him outside at the dance hall and told him he had arrested his friend, he did not say:

"'I know what for, DWI, I knew it, we tried to get him to stay here tonight, we were afraid for him but he wouldn't listen, he had his head set.'"

The witness replied that he did not remember, that he might have said it but he did not think he did. On further cross-examination he also stated that he did not think he made a statement in the presence of Officers Langford and McDonald that appellant had been drinking all day. Thereafter, Patrolman Langford was recalled and testified that the witness did make the two statements. Officer Jim McDonald was also called and testified that the witness made the first statement attributed to him or words to that effect, and also made the statement that appellant had been drinking all day.

It appears that this was proper impeachment of the witness's testimony by use of prior inconsistent statements, and no error is presented. See: McCormick and Ray, Texas Law of Evidence, 2d Ed., page 543, Sec. 695, and cases cited. See, also: Hutson v. State, 296 S.W.2d 245.

The judgment is affirmed.

Opinion approved by the court.