**Ex parte Jerry McGEE.**

**No. 55080.**

Court of Criminal Appeals of Texas.

June 29, 1977.

Barry P. Helft, Dallas, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

## OPINION

DAVIS, Commissioner.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

Petitioner entered a plea of guilty in Criminal District Court No. 4 of Dallas County on August 22, 1975, to an indictment charging that he did unlawfully "knowingly and intentionally possess a criminal instrument, namely: a forged prescription, with intent to use it in the commission of obtaining possession of a controlled substance. . . . " Punishment was assessed at seven years.

The Honorable John Mead, Judge of the Criminal District Court No. 4 of Dallas County, upon consideration of petitioner's application, concluded that petitioner was entitled to the relief prayed for, finding that the indictment was identical to the one in *Ex parte Harrell*, Tex.Cr.App., 542 S.W.2d 169, where this Court granted relief to a petitioner who had been convicted under a like indictment charging him with an offense under V.T.C.A., Penal Code, Sec. 16.01. In *Harrell*, it was found that Sec. 16.01, supra (Unlawful Use of a Criminal Instrument), and V.T.C.A., Penal Code, Sec. 32.21(a)(1)(C) (possession of a writing that is forged with intent to utter it), covered the same subject matter. Since Sec. 16.01, supra, "is a broad and general statute applicable to all types of possession of criminal instruments with intent to use them in commission of an offense," and Sec. 32.-21(a)(1)(C) is a special statute dealing with possession of forged instruments, including forged prescriptions, with intent to utter, this Court held that under the well-settled rule of statutory construction the special statute will control. See *Hines v. State*, Tex.Cr.App., 515 S.W.2d 670; *Cuellar v. State*, Tex.Cr.App., 521 S.W.2d 277; *Sheffield v. State*, 165 Tex.Cr.R. 354, 307 S.W.2d 100.

We conclude, as we did in *Harrell*, that petitioner herein was improperly convicted of unlawful possession of a criminal instrument under Sec. 16.01, supra, a felony, and should have been charged with forgery under Sec. 32.21(a)(1)(C), a misdemeanor, over which the convicting district court did not have jurisdiction.

We are in agreement with the trial court's conclusion that petitioner is entitled to the relief he seeks.

The relief requested by the habeas corpus is granted, the conviction is set aside, and the indictment ordered dismissed.

Opinion approved by the Court.