**Ex parte Larry Rodger SEALEY.**

No. 57135.

Court of Criminal Appeals of Texas, Panel No. 3.

March 29, 1978.

Appellant's Motion for Rehearing En Banc Denied April 19, 1978.

Frank Blazek, Huntsville, for appellant.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

This is a post conviction application for a writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P.

On April 4, 1975, the petitioner was indicted in Cause No. F–75–4022–JI, from Dallas County, for possession of a criminal instrument.[1] On August 29, 1975, the petitioner pleaded guilty to possession of a

---

1. V.T.C.A., Penal Code, Section 16.01. This section was amended subsequent to the indictment in Cause No. F–75–4022–JI. See Acts 1975, 64th Leg., ch. 342, p. 913, section 7, effective September 1, 1975.

criminal instrument and the trial judge assessed the petitioner a ten-year probated sentence. No appeal was prosecuted by the petitioner.

On January 20, 1976, the State filed a motion to revoke the petitioner's probation in Cause No. F–75–4022–JI. On February 16, 1976, the petitioner was indicted in Cause No. F–76–1448–NI, from Dallas County, for forgery.[2] On February 20, 1976, a hearing on the motion to revoke the petitioner's probation in Cause No. F–75–4022–JI and the trial on the forgery indictment were set. At that time, the petitioner pleaded true to the motion to revoke his probation in Cause No. F–75–4022–JI and also pleaded guilty to the forgery indictment. The trial judge revoked the petitioner's probation in Cause No. F–75–4022–JI and sentenced the petitioner to five years' confinement in the Texas Department of Corrections.[3] The trial judge also assessed the petitioner five years in Cause No. F–76–1448–NI. No appeals were taken by the petitioner in either of these causes.

The petitioner contends that his conviction in Cause No. F–75–4022–JI was illegally prosecuted under V.T.C.A., Penal Code, Section 16.01, when in fact it should have been prosecuted under V.T.C.A., Penal Code, Section 32.21, and that his guilty plea in Cause No. F–76–1448–NI was not knowingly, intentionally, and voluntarily made and was in violation of Article 26.13, Vernon's Ann.C.C.P. We grant the relief requested as to Cause No. F–75–4022–JI and deny the relief requested as to Cause No. F–76–1448–NI.

On September 29, 1977, the petitioner filed his application for writ of habeas corpus.[4] On November 21, 1977, the trial judge, without conducting a hearing, entered his findings of fact and conclusions of law which support the petitioner's first contention and fail to support his second contention.

The petitioner's first contention is that his conviction for knowingly and intentionally possessing a criminal instrument, namely, a forged prescription, with intent to use it in the commission of obtaining possession of a controlled substance, was illegally obtained as he should have been prosecuted for forgery. The disposition of this contention is governed by *Ex Parte Pribble*, 548 S.W.2d 54 (Tex.Cr.App.1977); *Sarratt v. State*, 543 S.W.2d 391 (Tex.Cr. App.1976); and *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976). In those cases, situations identical to the present case were involved. Accordingly, the petitioner's conviction in Cause No. F–75–4022– JI must be set aside and the indictment ordered dismissed.

The petitioner's second contention is that his guilty plea in Cause No. F–76– 1448–NI was not knowingly, intentionally and voluntarily made and that he was not properly admonished under Article 26.13, Vernon's Ann.C.C.P. The petitioner's contention is not supported by the record. The judgment in Cause No. F–76–1448–NI refutes the allegations of the petitioner's application. Moreover, no transcription of the petitioner's guilty plea in Cause No. F–76– 1448–NI is contained in the record. Nothing is presented for review. Appellant's second contention is overruled.

The relief requested in Cause No. F–75– 4022–JI is granted. Accordingly, the judgment in Cause No. F–75–4022–JI is set aside and the indictment ordered dismissed. The relief requested as to Cause No. F–76– 1448–NI is denied. It is so ordered.

---

2. V.T.C.A., Penal Code, Section 32.21.

3. The trial judge reduced the petitioner's term of imprisonment from ten years to five years when he revoked the petitioner's probation. See Vernon's Ann.C.C.P., Article 42.12, Section 8(a).

4. The petitioner's application is governed by the recent amendment to Article 11.07, Section 2, Vernon's Ann.C.C.P. See Acts 1977, 65th Leg., ch. 789, p. 1974–75, Section 1.