**Ex parte Lester Obie ARNOLD.**

**No. 57609.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 13, 1978.

6. See N. 4, supra.

No attorneys appearing.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is a postconviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted in Cause No. F77–932–IJ in the Criminal District Court No. 3 of Dallas County for a subsequent offense of driving while intoxicated. The court assessed his punishment at two years, probated.

The prior misdemeanor conviction for driving while intoxicated was obtained on February 2, 1972, in Cause No. CCR72–4373–B. Petitioner entered a plea of guilty to the present offense on April 8, 1977. No appeal was taken. Then, on September 7, 1977, petitioner filed an application for writ of habeas corpus in the trial court contending that the prior conviction in Cause No. CCR72–4373–B had been set aside and the complaint and information had been dismissed.

The trial court's findings of fact disclose that petitioner was assessed a fine of $125.00 and a jail term of thirty days in the prior offense. The jail term was probated for a period of one year. Petitioner successfully completed the probationary term and on January 5, 1974, the prior conviction was dismissed. The present offense did not occur until November 28, 1976.

Petitioner argues that the conviction in the prior offense failed to meet the requirements of a final conviction and could not be used to transform the subsequent driving while intoxicated offense into a felony. He thus contends that the trial court did not have jurisdiction of the present offense.

In *McKenzie v. State*, 159 Tex.Cr.R. 345, 263 S.W.2d 562 (1953). The defendant was prosecuted under an indictment which charged that he had committed a subsequent offense of driving while intoxicated. The State failed to establish the allegation of the prior conviction. On appeal, the Court stated that the misdemeanor offense of driving while intoxicated was included within the allegations of the indictment and was a constituent element of the felony offense charged. The Court held, therefore, that the criminal district court had jurisdiction over such misdemeanor offense when the State failed to prove the felony.

Because the facts which controlled in *McKenzie* exist here, we find that the trial court had jurisdiction to entertain the cause.

However, petitioner is entitled to partial relief since the court was authorized to convict petitioner of the lesser included offense only. See *Evans v. State*, 402 S.W.2d 756 (Tex.Cr.App.1966); *McKenzie v. State*, supra. Although a judgment of conviction for the felony was entered, we perceive the error to relate essentially to punishment.

The judgment in Cause No. F77–932–IJ is set aside but the cause is remanded for proceedings consistent with this opinion. The trial court is instructed to enter a judgment of conviction for the misdemeanor offense of driving while intoxicated and to assess the punishment accordingly. *Ex parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App. 1975); *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App.1977). See *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976).

It is so ordered.

PHILLIPS, Judge, dissenting.

It is undisputed that the prior driving while intoxicated charge alleged in the indictment as a necessary condition precedent to invoking the jurisdiction of the felony tribunal was nonexistent. See Article 42.-13, Sections 4(a), 7(a) and (b), V.A.C.C.P. Thus, the felony court lacking jurisdiction, the felony conviction is void. *Ex parte*

*Harrell,* 542 S.W.2d 169 (Tex.Cr.App.); *Ex parte McGee,* 552 S.W.2d 850 (Tex.Cr.App.); *Ex parte Sealy,* 563 S.W.2d 817 (Tex.Cr. App.); *Ex parte Pribble,* 548 S.W.2d 54 (Tex.Cr.App.); Article 6701*l*–2, V.A.C.S.; Article 6701*l*–1, V.A.C.S.

The judgment should be reversed and the prosecution in the felony tribunal (district court) dismissed. For the foregoing reasons, I dissent.