Steven Louis WEAVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00034–CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 29, 2001.

Decided Sept. 14, 2001.

Floyd W. Freed, III, Spring, for Appellant.

Calvin A. Hartmann, Harris County District Attorney's Office, Jessica D'Anna, Assistant District Attorney, Houston, for Appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

Opinion by Chief Justice CORNELIUS.

Steven Weaver appeals from his conviction for felony driving while intoxicated. The jury assessed his punishment at thirty-nine years' imprisonment. He contends that the evidence is factually and legally insufficient to support the verdict.

Weaver was charged by indictment with driving while intoxicated. The indictment alleged that Weaver had been convicted previously of two offenses, one on August 10, 1990, and one on January 17, 1984. The jury charge did not contain any language authorizing the jury to find Weaver guilty of any lesser offense, such as misdemeanor driving while intoxicated, but only allowed the jury to find Weaver guilty of felony driving while intoxicated as alleged in the indictment.

Weaver's points of error involve a single issue that we have addressed on several occasions. He challenges the sufficiency of the evidence to prove the two prior convictions that the State was required to prove in order to elevate the offense to a felony.[1] Specifically, he contends that under the requirements of TEX. PEN.CODE ANN. § 49.09(e) (Vernon Supp.2001), the State did not prove that either of the prior offenses occurred within the statutory ten-year limit and that it therefore failed to prove an element of the offense.

The State acknowledges that the two prior offenses are required elements of the crime of felony driving while intoxicated. See TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.2001). But the State argues that the ten-year time period set out in Section 49.09(e) is not an element of the crime, and that the cases holding to the contrary were wrongly decided. The State specifically argues that two cases we have decided are incorrect, suggesting that neither the First nor the Fourteenth Courts of Appeals agrees, and that the Texas Court of Criminal Appeals has not addressed this issue.

This argument is not responsive to the issue. Subsection (e) is not an element of the crime. That subsection does, however, specifically set out the circumstances in which prior convictions may be admitted as elements of the crime under Section 49.09(b). A number of courts, including this Court, both Houston Courts of Appeals, and the Texas Court of Criminal Appeals have acknowledged that the prior convictions for driving while intoxicated are elements that must be alleged and then proven at the guilt/innocence stage of trial in order to apply the felony driving

---

1. We acknowledge that under *Tamez v. State,* 11 S.W.3d 198 (Tex.Crim.App.2000), if Weaver had admitted the prior convictions, the State would not have been required to prove them in order to make the offense a felony.

In *Tamez,* the defendant stipulated to the prior driving while intoxicated convictions, and the Court found it improper for the State to nevertheless bring forward evidence about those prior crimes at trial.

while intoxicated provisions of the Penal Code.[2]

The applicable statutes provide as follows:

TEX. PEN.CODE ANN. § 49.04(a), (b) (Vernon Supp.2001).

(a) A person commits an offense if the person is intoxicated while operating ... a motor vehicle in a public place.

(b) Except as provided by subsection (c) and Section 49.09, an offense under this section is a Class B misdemeanor. . . .

TEX. PEN.CODE ANN. § 49.09(b).

(b) If it is shown on the trial of an offense under Section 49.04 ... that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, ... the offense is a felony of the third degree.

The prior offenses must then be proven in accord with TEX. PEN.CODE ANN. § 49.09(e), which reads as follows:

(e) A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) [DWI] and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07 or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

■ Thus, before a driving while intoxicated conviction may be used for enhancement purposes under this section, *the offense* must have been committed within ten years of the date of the offense at trial.

The question we must decide is whether the State proved that one of Weaver's prior convictions was for an offense committed less than ten years before the date of the offense at bar.

The indictment alleges two prior convictions for driving while intoxicated. The State presented documentary evidence of those two convictions showing that Weaver committed a driving while intoxicated offense on May 2, 1990, and on June 8, 1988. The offense at bar was committed on June 24, 2000. Neither of the two prior offenses was committed within the ten-year limitation. Thus, in the absence of an intervening conviction, neither can be used to elevate the level of this offense to a felony.

The State argues that the necessary intervening conviction was shown through its Exhibit 8. If that conviction had been introduced into evidence, or admitted by Weaver, it would provide the required intervening conviction. That exhibit contains a document showing a conviction for a driving while intoxicated offense that Weaver committed on August 7, 1996. The trial court refused to admit this conviction into evidence because it was not alleged in the indictment. Thus, there was no evidence before the jury about the 1996 conviction.

---

**2.** *Tamez v. State,* 11 S.W.3d at 204; *Smith v. State,* 1 S.W.3d 261, 263 (Tex.App.—Texarkana 1999, pet. ref'd); *Barfield v. State,* 999 S.W.2d 23, 26 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Renshaw v. State,* 981 S.W.2d 464 (Tex.App.—Texarkana 1998, pet. ref'd); *Jimenez v. State,* 981 S.W.2d 393, 396 (Tex.App.—San Antonio 1998, pet. ref'd); *Hampton v. State,* 977 S.W.2d 467, 469 (Tex. App.—Texarkana 1998, pet. ref'd); *Williams v. State,* 946 S.W.2d 886, 899 (Tex.App.— Waco 1997, no pet.); *Will v. State,* 794 S.W.2d 948, 952 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

The State takes the position that it was sufficient to present the two inadmissible convictions to the jury so long as it presented evidence of the intervening conviction to the court, and that those two presentations together constitute sufficient evidence to support the felony conviction.

■ This is incorrect. Neither of those two convictions was admissible to raise the level of the crime to a felony *unless* one of those convictions occurred within the last ten years. The State did not provide any evidence to show that Weaver committed or was convicted of any offense during the ten years preceding this offense. Without such evidence, the State has not met its burden of proof because it has failed to prove an essential element of felony driving while intoxicated during the guilt/innocence stage of trial. *See* 6 B. HELFT & J. SCHMOLESKY, TEXAS CRIMINAL PRACTICE GUIDE, § 128.05[1] (2001).

The remaining question is our disposition of this appeal. In *Barfield,* the Houston Fourteenth Court of Appeals ordered an acquittal when the state waited until the punishment phase to present proof of prior convictions because the state failed to prove the essential elements of felony driving while intoxicated during the guilt/innocence phase of trial. *Barfield v. State,* 999 S.W.2d 23, 25 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

We have handled the same situation differently. In *Renshaw,* we reformed the judgment and rendered a judgment of conviction for a misdemeanor class B offense,[3] and remanded the cause to the trial court to assess punishment. *Renshaw v. State,* 981 S.W.2d 464 (Tex.App.—Texarkana

1998, pet. ref'd). We based that action on the authority of *Ex parte Arnold,* 574 S.W.2d 141–142, (Tex.Crim.App.1978), in which the Court found a petitioner entitled to partial relief because the convicting court was authorized to convict for the lesser included offense only. Citing *Evans v. State,* 402 S.W.2d 756 (Tex.Crim.App. 1966); *McKenzie v. State,* 159 Tex.Crim. 345, 263 S.W.2d 562 (1953).

In *Arnold,* the Court concluded that although a judgment of conviction for the felony was rendered, the type of error related essentially to punishment. Consequently, the Court set aside the judgment and instructed the trial court to render a judgment of conviction for the misdemeanor offense, and to assess punishment accordingly.

As we recognized in *Renshaw,* the intoxication statute has been rewritten since the time the *Arnold* opinion was written. The former statute [4] stated that if previous convictions were proven, the offender was subject to a higher level of punishment, while the current version states that if the offender is proven to have been previously convicted, then the offense is a third degree felony.[5] Despite the changed terminology, the difference between the greater and lesser offenses is still the level of punishment.

■ We believe the procedure used in *Arnold* remains the proper action to take here. Accordingly, we reform the judgment to reflect the conviction of Weaver for a misdemeanor class B driving while intoxicated offense under TEX. PEN.CODE ANN. § 49.04(b).

---

**3.** TEX. PEN.CODE ANN. § 49.04 (Vernon Supp. 2001).

**4.** TEX. HEALTH & SAFETY CODE ANN. art. 6701–1(d), (e).

**5.** TEX. PEN.CODE ANN. § 49.09 (Vernon Supp. 2001).

We remand the reformed judgment to the trial court to assess the proper punishment.