NUMBER 13-03-403-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





PEDRO ANGEL ALONZO,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 179th District Court
of Harris County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo



Memorandum Opinion by Justice Castillo

         Appellant Pedro Angel Alonzo appeals his conviction and sentence for
aggravated robbery, a first-degree felony.


 Without the benefit of an agreed
punishment recommendation, Alonzo pleaded guilty to the charge. The trial court
sentenced him to sixteen years confinement in the Institutional Division of the Texas
Department of Criminal Justice. We conclude that Alonzo's appeal is frivolous and
without merit. We affirm. 
I. BACKGROUND
         Alonzo filed a pro se notice of appeal on June 5, 2003, asserting that
his plea was involuntary and his appointed trial counsel ineffective. The trial court
has certified that this is not a plea-bargain case, and Alonzo has the right to
appeal.  See Tex. R. App. P. 25.2(a)(2). Alonzo's appellate counsel filed a brief in
which counsel concludes that the appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel certified that he transmitted a copy of the
brief to Alonzo and informed him that: (1) counsel diligently searched the appellate
record; (2) he researched the law applicable to the facts and issues in the appeal; (3) in
his professional opinion, no reversible error is reflected by the record, and the appeal
is without merit; and (4) Alonzo has the right to review the appellate record and file
a pro se brief. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978); McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975);
Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref'd) (per
curiam). Counsel also provided Alonzo with a motion to file to make the appellate
record available to him and for an extension of time for him to file a pro se brief. More
than thirty days have passed since the date of counsel's letter notifying Alonzo of his
rights. Alonzo has not requested the record or filed a pro se brief. 
 II. DISPOSITION
A. Anders Brief
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, pet. dism'd). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at 464. With relevant citation to the clerk's record and noting that Alonzo waived the
presence of a court reporter, counsel recites that: (1) Alonzo pleaded guilty to the
felony indictment; (2) the plea papers reflect that Alonzo signed and initialed that his
plea was free and voluntary; and (3) Alonzo swore he was satisfied with his trial
counsel on three separate documents in two places on each document. Counsel adds
that Alonzo's judicial confession is sufficient to support the conviction. Further,
counsel suggests that Alonzo apparently was not eligible for deferred adjudication,
noting that the written admonishments with regard to deferred adjudication were
marked out in the plea papers and that the record does not otherwise indicate Alonzo
was eligible for probation.


 Counsel points out that the trial court did not order
preparation of a pre-sentence investigation report ("PSI"), but he adds that Alonzo
affirmatively declined in writing to "participate" in a PSI. Therefore, counsel
concludes, in the absence of any indication in the record that Alonzo was eligible for
probation, any error in the trial court's failure to order a PSI would be harmless. 
Finally, counsel notes that the sentence assessed was on the low range of that
allowed by law. 
         With citation to relevant authority, counsel concludes that the record does not
disclose any reasonably arguable issues that would amount to reversible error. The
State has waived its "opportunity to file a brief in response to the Anders brief filed
by appellant's counsel." 
         Arguable grounds of error should be advanced by counsel as required by Anders,
if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d
at 464. We do not interpret Anders as requiring appointed counsel to make arguments
counsel would not consider worthy of inclusion in a brief for a paying client or to urge
reversal if, in fact, counsel finds no arguable issue to appeal. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. We hold that counsel's
brief is not the "conclusory statement" decried by Anders. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. 
B. Independent Review of the Record
         As this is an Anders case, we independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at 464;
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2002, no pet.). The
court's docket sheet reflects that the trial court orally admonished Alonzo, and the plea
papers show he was given the proper admonishments in writing. Alonzo
acknowledged in writing that he understood the admonishments and that he knowingly
and voluntarily entered the guilty plea. 
1. The Plea Proceeding
         This is not a plea-bargain case. That is, it is not "a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant." See Tex. R. App.
P. 25.2(a)(2). Thus, we first determine if Alonzo waived any issues when he pleaded
guilty to the charged offense. See Perez v. State, 129 S.W.3d 282, 289 (Tex.
App.–Corpus Christi 2004, no pet. h.). 
2. Scope of Appellate Review Following a Guilty Plea
Entered without the Benefit of a Sentencing Recommendation

         Because Alonzo pleaded guilty without the benefit of a sentencing
recommendation, he waived the right to appeal any non-jurisdictional defects, other
than the voluntariness of his plea, that occurred before entry of the plea. See id.
(citing Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); Broddus v. State,
693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985)). Nonetheless, if the judgment was
not rendered independently of error occurring before entry of the plea, Alonzo may
appeal that error. See Perez, 129 S.W.3d at 288 (citing Monreal v. State,
99 S.W.3d 615, 619 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67
(Tex. Crim. App. 2000); Jordan v. State, 112 S.W.3d 345, 347 (Tex. App.–Corpus
Christi 2003, pet. ref'd)). Therefore, our independent review of the record is limited
to: (1) potential jurisdictional defects; (2) the voluntariness of Alonzo's plea; (3) error
that is not independent of and supports the judgment of guilt; and (4) potential error
occurring after the guilty plea. Perez, 129 S.W.3d at 288 (citing Hawkins v. State,
112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.)). 
a. Jurisdictional Defects
         Our review of the record reveals that the trial court had jurisdiction over the
case. See Perez, 129 S.W.3d at 289 (citing Tex. Code Crim. Proc. Ann.
art. 4.05 (Vernon 2003); Hawkins, 112 S.W.3d at 344). We find no reversible
jurisdictional error. 
b. Voluntariness
         The presence of a court reporter may be waived by agreement of the parties. 
Tex. R. App. P. 13(a). Having affirmatively waived his right to have a court reporter
record the plea proceedings, Alonzo is unable to present this Court with a sufficient
record to determine whether the trial court orally admonished him. See Ex parte
Sealey, 563 S.W.2d 817, 818 (Tex. Crim. App. [Panel Op.] 1978). The clerk's record
reflects that the trial court properly admonished Alonzo in writing. Accordingly, a
presumption arises of regularity and truthfulness of the judgment and proceedings
below that Alonzo must overcome to show he did not understand the consequences
of his plea. See Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)
(op. on reh'g); see also Hernandez v. State, 885 S.W.2d 597, 601 (Tex. App.–El Paso
1994, no pet.); Smith v. State, 857 S.W.2d 71, 73 (Tex. App.–Dallas 1993, pet.
ref'd). The burden then shifts to Alonzo to demonstrate a lack of voluntariness. See
Miller v. State, 879 S.W.2d 336, 338 (Tex. App.–Houston [14th Dist.] 1994, pet.
ref'd). In addition to Alonzo's written acknowledgments, trial counsel also
acknowledged in writing that Alonzo knowingly and voluntarily pleaded guilty and
signed the plea papers. Accordingly, this record evidences that Alonzo's plea was
knowing and voluntary. See Perez, 129 S.W.3d at 289 (citing Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Hawkins, 112 S.W.3d at 344). The
record does not support Alonzo's allegation in his notice of appeal that his plea was
involuntary. See Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003)
(holding that "the extra-notice recitations in the notice of appeal [under former
rule 25.2(b)(3)] must be true and supported by the record"). We find no reversible
error on voluntariness grounds. 
c. Error Not Independent of Conviction
         A guilty plea alone is not sufficient to support a felony conviction
under Texas law.  Perez, 129 S.W.3d at 289 (citing Johnson v. State,
722 S.W.2d 417, 422 (Tex. Crim. App. 1986); Brewster v. State, 606 S.W.2d 325,
329 (Tex. Crim. App. 1980)). The State still bears the burden of proving the guilt of
the defendant by introducing sufficient evidence to support the conviction. See Perez,
129 S.W.3d at 289 (citing Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2003)). 
(1) Evidentiary Support for Conviction
         Since Alonzo waived the presence of a court reporter, this record is silent as to
the evidence introduced by the State in support of Alonzo's plea. Without a reporter's
record, we cannot review whether the State introduced sufficient evidence at the plea
proceeding. However, we must presume there was sufficient evidence to sustain and
support the judgment. See Tex. R. App. P. 34.6(c)(5) (requiring that if sufficiency
complaint is raised in criminal case, record "must" include all evidence); see also
Allison v. State, 618 S.W.2d 763, 765 (Tex. Crim. App. [Panel Op.] 1981) (holding
that without statement of facts from plea hearing, court could not determine whether
transcript constituted all evidence presented to trial court).


 In the absence
of a reporter's record, "nothing in the record suggests that [Alonzo's] judicial
confession was admitted into evidence, and we do not presume that it was. On
the other hand, we also do not presume that it was not." See McDougal v. State,
105 S.W.3d 119, 121 (Tex. App.–Fort Worth 2003, no pet.). Nor do we presume
that the State did or did not offer other evidence of Alonzo's guilt. See id. Had the
State relied exclusively on the judicial confession, the State, of course, would have
been required to offer the confession into evidence. See id.  
         We note that the clerk's record in this case contains the following documents: 
(1) a plea memorandum that contains the proper statutory admonishments and
Alonzo's written waivers; and (2) marked as "State's Exhibit #1," Alonzo's stipulation
of evidence and judicial confession in which he admitted his guilt of the offense as
charged in the indictment. Our inability to determine if the stipulation and judicial
confession were actually introduced into evidence is a result of Alonzo's waiver of
the presence of a court reporter. The lack of a reporter's record from a plea
hearing is sufficient reason to overrule a sufficiency challenge. Williams v. State,
950 S.W.2d 383, 385 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd). Accordingly,
on this record we find no reversible error in the evidentiary support for Alonzo's
conviction. 
(2) Ineffective Assistance of Counsel
         Ineffective assistance of counsel may or may not have a direct nexus with the
defendant's guilt or innocence. Jordan, 112 S.W.3d at 347. Therefore, in our
independent evaluation of the record, we must determine if the judgment of guilt was
rendered independent of, and is not supported by, any ineffectiveness of counsel. 
See id. (citing Young, 8 S.W.3d at 667). However, a claim of ineffective
assistance of counsel must be firmly supported in the record. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Because Alonzo waived his right to
have a court reporter record the plea proceeding and sentencing hearing, there is no
record of trial counsel's performance. We conclude that the record fails to support
Alonzo's contention in his notice of appeal that he received ineffective assistance of
counsel. See id. On this record, Alonzo has failed to establish that his trial counsel
was ineffective. We will not base a finding of ineffectiveness on speculation. See
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.). 
Without a sufficient record, we cannot determine if counsel's performance was
objectively deficient or if it created an unnecessarily disadvantageous result.


 See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume Alonzo
was adequately represented. See id. Therefore, we find no ineffective assistance of
counsel. Nor do we find any other reversible error not independent of and supporting
the conviction. 
                                            d. Sentencing Error
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Perez, 129 S.W.3d at 289 (citing Mizell v.
State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most trial errors, which
are forfeited if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Perez, 129 S.W.3d at 289 (citing
Mizell, 119 S.W.3d at 806 n.6). Here, however, the sentence assessed by the trial
court was within the statutorily permissible range.


 See Perez, 129 S.W.3d at 289 
(citing Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Hawkins,
112 S.W.3d at 345). We find no reversible error in the sentence imposed. 
C. Conclusion
         Accordingly, our independent review of the record confirms that Alonzo's appeal
is frivolous. We conclude that this appeal is without merit. We affirm the judgment
and sentence of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case).
Counsel has requested to withdraw from further representation of Alonzo on this
appeal. We grant counsel's motion to withdraw and order him to advise Alonzo
promptly of the disposition of this case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 17th day of June, 2004.