

# NUMBER 13-12-00066-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**OBED GONZALEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the County Court at Law No. 5
### of Montgomery County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before this Court on transfer from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T. CODE ANN. § 73.001 (West 2005).

1

Pursuant to a plea-bargain agreement, appellant Obed Gonzalez was convicted of driving while intoxicated ("DWI"), a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.09(a) (West 2003). The trial court sentenced appellant to thirty days confinement in the Montgomery County Jail, but awarded appellant pre-sentence time credit for the entire sentence. Appellant was not further incarcerated on account of the present conviction. By four issues, appellant argues (1) the two-year statute of limitations barred his prosecution; (2) the trial court should have suppressed evidence of the traffic stop that resulted in his DWI arrest; and (3) his speedy-trial right was violated. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 5, 2005, the Montgomery County Sherriff's Office received a concerned citizen's report that a Honda was driving slowly on Interstate 45 ("I-45"), traveling from one side of the roadway to the other, weaving, and that the driver was possibly intoxicated. A police officer heard the subsequent dispatch and attempted to locate the Honda. Upon locating the Honda, which appellant was driving, Officer Brian Eyring observed appellant weaving and traveling well below the posted speed limit on I-45. Officer Eyring, believing that appellant might have been intoxicated, initiated a traffic stop.

Appellant was subsequently arrested for DWI. A district court convicted appellant of felony DWI, based on two prior misdemeanor DWI convictions, and placed appellant on

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4. The facts set forth are undisputed and consistent with the trial court's findings of fact and conclusions of law, quoted below, which no party has contested on appeal. We note, however, that our record does not contain evidence of appellant's vacated felony and misdemeanor DWI convictions discussed in this memorandum opinion.

probation for five years.[3]   However, before appellant completed the probation, one of his prior misdemeanor convictions was vacated.[4]   As a result, appellant's felony DWI conviction for the present offense was vacated.   The State then charged appellant by information with misdemeanor DWI for the June 5, 2005 offense by filing an information in county court, i.e., the trial court.   The State amended that information to include a paragraph alleging the prior felony indictment tolled the two-year statute of limitations.[5]

---

[3]   By way of background, we note that the offense of driving while intoxicated ("DWI") is a Class B misdemeanor, *see* TEX. PENAL CODE ANN. § 49.04(b) (West 2003), unless it is shown that the offender has a previous conviction for a similar offense.  A showing of one previous DWI conviction enhances the offense to a Class A misdemeanor, *see id.* § 49.09(a); two previous convictions enhance the offense to a third-degree felony, *see id.* § 49.09(b)(2).

[4]   The discussion on the record between the trial court, defense counsel, and State reflects the following facts concerning why the underlying misdemeanor conviction was vacated.  Deetrice Wallace maintained the breathalyzer used in one of appellant's prior misdemeanor cases.  Wallace was convicted of "falsifying maintenance records" for the breathalyzer.  Because the breathalyzer result in appellant's case could not be proven reliable, his misdemeanor conviction was vacated.

We further note that our holding today—that the statute of limitations did not bar appellant's prosecution for the present Class A misdemeanor after his felony conviction was vacated—is consistent with the Texas Court of Criminal Appeals' handling of a similar case.   In a post-conviction habeas case, the Court of Criminal Appeals vacated a felony DWI conviction because Wallace's misconduct invalidated one of the respective underlying misdemeanor DWI offenses.  *See Ex parte Garcia*, No. AP-76407, 2010 WL 3784146, at *1 (Tex. Crim. App. Sept. 29, 2010).  The Court of Criminal Appeals set aside the felony conviction but remanded the offender to the Harris County Sheriff's custody to answer the DWI charge. *See id.*  Although the *Ex parte Garcia* opinion has no precedential value because it is unpublished, we consider the analysis therein persuasive.   *See* TEX. R. APP. P. 77.3.

[5]   In the trial court, appellant filed a pre-trial application for habeas corpus in which he argued that the statute of limitations barred the misdemeanor prosecution in this case.   *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(c) (West 2005).   The trial court denied habeas relief and on interlocutory appeal, the Ninth Court of Appeals affirmed the trial court's order denying habeas relief.   *See Ex parte Gonzalez*, No. 09–11–00199-CR, 2011 WL 3849467, at *2 (Tex. App.—Beaumont Aug. 31, 2011, no pet.).

In connection with appellant's pre-trial habeas application, the trial court entered the following unchallenged findings of fact concerning the procedural history of the case:

1. The defendant was indicted in Cause No. 05-06-05595-CR for the felony offense of driving while intoxicated, alleged to have occurred on or about June 5, 2005, and the indictment further alleged two previous convictions for driving while intoxicated.

2. Pursuant to a plea agreement, the defendant entered a plea of guilty in the 410th District Court of Montgomery County on December 16, 2005, and received a sentence of probation for five years.

After the trial court denied appellant's motion to suppress evidence regarding the traffic stop, appellant waived a jury trial and entered a guilty plea. Although appellant was sentenced to 30 days' confinement in the Montgomery County Jail, a pre-sentence time credit in the judgment obviated the need for appellant to serve his sentence post-judgment. This appeal ensued.

## II. ISSUES PRESENTED

Appellant presents the following four issues for review:

1. Whether appellant's prosecution for misdemeanor DWI is barred by the two-year statute of limitations.

2. Whether the statute of limitations was tolled pursuant to Texas Rule of Criminal Procedure article 12.05.

3. On March 3rd, 2009, the 410th District Court vacated the defendant's felony DWI conviction because of a deficiency in one of the underlying misdemeanor convictions used for enhancement.

4. The defendant was originally charged with the June 5, 2005 offense made subject of this motion by Information and Indictment on June 21, 2005, and that indictment was pending until March 3, 2009.

5. On August 12th, 2010 the State filed a Complaint and Information charging the defendant with the misdemeanor offense of driving while intoxicated arising from the same June 5, 2005 episode.

6. The original Complaint and Information failed to include a paragraph regarding the tolling of the statute of limitations.

7. On November 3, 2010, the defendant filed a Motion to Quash and Exception to Substance of Information alleging that the prosecution was barred by the statute of limitations.

8. On November 15, 2010, the State filed a Motion for Leave to Amend the Complaint and Information and an Amended Complaint and Information, adding a paragraph tolling the statute of limitations.

9. On April 1, 2011, the defendant filed an Application for Writ of Habeas Corpus, requesting that the charge be set aside and dismissed.

10. The Court denied defendant's Motion to Quash and Exception to Substance of Information and denied defendant's Application for Writ of Habeas Corpus.

4

3. Whether there was reasonable suspicion to conduct the traffic stop of appellant.

4. Whether appellant's right to a speedy trial was violated.

### III. ANALYSIS

**A. The Statute of Limitations Did Not Bar the Present DWI Conviction.**

By his first and second issues, appellant argues that his prosecution for the present DWI offense was barred by the two-year statute of limitations and that the statute of limitations was not tolled while the felony indictment for this offense was pending.[6] Appellant reasons the felony indictment could not toll the statute of limitations because it was rendered "void *ab initio*" once one of his prior DWI offenses was vacated, rendering the present offense a misdemeanor. We disagree.

The statute of limitations for a misdemeanor offense is two years from the date of the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (West 2005). The statute of limitations is tolled during the pendency of an indictment. *Id.* art. 12.05(b) (West 2005). The pendency of the indictment is defined as "the period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending the day such accusation is, by an order of the trial

_____

[6] We note that in his briefing of issues one and two, appellant includes complaints that (1) his felony conviction for this offense was based on an involuntary guilty plea; and (2) the district court "lacked jurisdiction to issue the capias" that resulted in his arrest in Mississippi. Appellant's original felony conviction was vacated and we express no opinion regarding the prior felony conviction because it is outside the scope of this appeal. Appellant cites no legal authority for any argument that he was illegally arrested in Mississippi and provides no record citations in support of this argument. Thus, this argument is waived. *See* TEX. R. APP. P. 38.1(i) (providing the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *Castillo v. State*, 186 S.W.3d 21, 24 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see also Cook v. State*, 611 S.W.2d 83, 87 (Tex. Crim. App. [Panel Op.] 1981) ("This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference."). Notwithstanding, we have reviewed the entire record in this case and it contains no evidence bearing on whether appellant was illegally arrested in Mississippi.

court having jurisdiction thereof, determined to be invalid for any reason." *Id.* art. 12.05 (c).

A defective indictment filed in a court of competent jurisdiction tolls the statute of limitations as long as the subsequent indictment alleges the same conduct, act, or transaction as the prior indictment. *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004) (holding article 12.05(b) permits an earlier indictment for a violation of one law to toll the statute of limitations in the prosecution of a later indictment of the same defendant for violating a different law if both indictments allege the same conduct); *Ahmad v. State*, 295 S.W.3d 731, 741 (Tex. App.—Fort Worth 2009, pet. ref'd) ("If the prior and subsequent indictments charge different offenses but the offenses arise from the same conduct, the prior indictment tolls the statute of limitations"). A court of competent jurisdiction is any "court that has jurisdiction of the offense." *Cf. Ex parte Ward*, 560 S.W.2d 660, 661 (Tex. Crim. App. 1978) (en banc) (holding a complaint filed in justice court does not toll the statute of limitations in a felony case). An indictment filed in district court vests jurisdiction in the district court if it alleges a felony offense, even though it subsequently becomes apparent that the State can only prove a misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.05, 4.06 (West 2005); *Ex parte Sparks,* 206 S.W.3d 680, 682 (Tex. Crim. App. 2006); *Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex. Crim. App. [Panel Op.] 1978).

In *Ex parte Arnold*, the defendant was convicted of a DWI enhanced to a felony by a prior DWI conviction that, in fact, never became final. 574 S.W.2d at 142. In his habeas case, the defendant claimed the district court that convicted him of the felony

6

lacked jurisdiction.   *Id.*   The Court of Criminal Appeals rejected this argument because the district court had authority to convict the defendant of the lesser DWI offense if the evidence did not prove the felony.   *Id.*   More recently, in *Ex parte Sparks*, the Court of Criminal Appeals summarized this principle as follows:

> The indictment in this case alleged misdemeanor DWI, enhanced to a felony by two prior DWI convictions.   This *pleading* invoked the jurisdiction of the district court for the felony that was alleged, and that jurisdiction extended to the misdemeanor offenses that were included in the indictment.

*Ex parte Sparks*, 206 S.W.3d at 682 (emphasis in original).

In the present case, the offense occurred on June 5, 2005.   Appellant was indicted for felony DWI on June 21, 2005 and that indictment, filed in district court, was pending until March 3, 2009, the date the district court vacated appellant's felony DWI conviction because of a deficiency in one of the underlying misdemeanor convictions used for enhancement.   The district court was a court of competent jurisdiction for the felony offense alleged, even if the evidence subsequently showed the offense was only a misdemeanor.   *See* TEX. CODE CRIM. PROC. ANN. arts. 4.05, 4.06; *Ex parte Sparks,* 206 S.W.3d at 682; *Ex parte Arnold*, 574 S.W.2d at 142.   Thus, the statute of limitations was tolled between June 21, 2005 and March 3, 2009.   *See* TEX. CODE CRIM. PROC. ANN. art. 12.05; *Ahmad*, 295 S.W.3d 731.   Accordingly, on August 12, 2010 when the State charged appellant with the present misdemeanor DWI offense, the two-year statute of limitations had not yet expired.   *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (a).

Appellant argues that to so apply the tolling statute produces an absurd result in that he can be punished for the misdemeanor offense after having already been punished

7

for the vacated felony.[7]   Again, we disagree.   Appellant did not incur additional punishment.   The judgment gave appellant credit for time served.   The judgment also stated no further driver's license suspension would be imposed because appellant's driver's license was previously suspended when the same offense was considered a felony.   We overrule appellant's first and second issues.

## B.   Reasonable Suspicion Justified the Traffic Stop.

By his third issue, appellant argues the June 5, 2005, traffic stop should have been suppressed because it was not based on reasonable suspicion that he was driving while intoxicated.   Appellant emphasizes that the patrol-car video of his driving just before the traffic stop does not show a DWI offense.   We disagree with appellant that the trial court erred in denying his pre-trial motion to suppress the traffic stop.

### 1.   Standard of Review

If supported by the record, a trial court's ruling on a motion to suppress will not be overturned.   *Brooks v. State,* 76 S.W.3d 426, 430 (Tex. App.—Houston [14th Dist.] 2002, no pet.).   At the suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented.   *Id.* We give almost total deference to the trial court's determination of historical facts that depend on credibility and demeanor, but review de novo the trial court's application of the law to the facts if resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor.   *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App.1997).

---

[7]   Appellant does not cite any legal authority for this argument.   *See* TEX. R. APP. P. 38.1.   He does not argue the punishment assessed in the present judgment violates any law.

## 2. *Applicable Law and Analysis of Traffic Stop*

The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure against unreasonable searches and seizures of their persons, houses, papers, and effects. U.S. CONST. amend. IV. A warrantless seizure of a person must be justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). An investigative stop is by definition a warrantless seizure. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010).

A police officer has reasonable suspicion to conduct an investigative stop if, under the totality of the circumstances, he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler*, 348 S.W.3d at 914; *Crain*, 315 S.W.3d at 52. These facts must amount to more than a mere hunch or suspicion. *Crain*, 315 S.W.3d at 52; *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The detaining officer does not need to be personally aware of every fact that objectively supports a reasonable suspicion in order to conduct an investigative stop. *Derichsweiler*, 348 S.W.3d at 914. Nor does the detaining officer have to personally witness the facts giving rise to the reasonable suspicion. *Brother v. State*, 166 S.W.3d 255, 258–59 (Tex. Crim. App. 2005). It is enough that a police dispatcher is aware of such facts, and the facts are corroborated by the detaining officer. *Derichsweiler*, 348 S.W.3d at 914; *Brother*, 166 S.W.3d at 258–59 ("[A] stop based on facts supplied by a citizen-eyewitness, which are adequately corroborated by the arresting officer, do[es] not run afoul of the Fourth Amendment."). The information

9

known to the 911 dispatcher is imputed to the detaining officer. *Derichsweiler*, 348 S.W.3d at 915.

What is at issue is whether the totality of the circumstances, including the information given on dispatch, provided specific, articulable facts that, combined with reasonable inferences derived from those facts, would lead to a reasonable suspicion that appellant committed DWI. *See id.*; *Crain*, 315 S.W.3d at 52. The Montgomery County Sherriff's Office received a concerned citizen's report that a Honda was driving slowly on I-45, traveling from one side of the roadway to the other, weaving, and that the driver was possibly intoxicated. Upon locating the Honda that matched the one described in the dispatch, Officer Eyring observed appellant weaving within his lane and traveling well below the posted speed limit on I-45. Officer Eyring testified and stated on the video of the traffic stop that before activating his video camera, he observed appellant driving approximately forty miles per hour on I-45, having a difficult time maintaining a single lane of traffic. Officer Eyring testified that based on his experience, appellant's difficulty maintaining a single lane even at low speed was evidence of intoxication or driver impairment. The video footage is just under one-and-a-half minutes in duration. The video shows appellant swerving multiple times within his lane. Just before the patrol-car siren wailed, appellant crossed onto or over the white dashed line that separated his lane from the next traffic lane. The trial court estimated that the video showed appellant driving at approximately fifty miles per hour on I-45.

We conclude that, under the totality of the circumstances, Officer Eyring's investigative stop of appellant was justified. *See Mitchell v. State*, 187 S.W.3d 113, 118

10

(Tex. App.—Waco 2006, pet. ref'd) (holding unidentified informant's report and officer's corroborating observations were sufficient to justify traffic stop in DWI case); *McQuarters v. State*, 58 S.W.3d 250, 253 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding police officer had reasonable suspicion to detain defendant driving at a rate considerably below the speed limit even if defendant had not committed any traffic violations). The trial court did not err in denying the motion to suppress. We overrule appellant's third issue.

## C. Appellant's Speedy Trial Claim Was Not Preserved.

By his fourth issue, appellant argues his prosecution in this case violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amends. VI, XIV. In this case, appellant moved to dismiss the indictment on limitations grounds and moved for a continuance of his trial date. Appellant, however, did not assert his right to a speedy trial in the trial court and the issue has not been preserved for our review. *See Henson v. State*, No. PD–1249–12, 2013 WL 4820220, at *3 (Tex. Crim. App. Sept. 11, 2013) (holding preservation of error requirements apply to Sixth Amendment speedy-trial claims); *see also* TEX. R. APP. P. 33.1. We overrule appellant's fourth issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of October, 2013.

11