In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00147-CR
______________________________


CHARLES CLINTON SUMMERS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31469-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â Charles Clinton Summers was charged by indictment with driving while intoxicated (DWI)
on or about November 15, 2003. The indictment further alleged that, before the commission of that
offense, Summers had been convicted of DWI on June 8, 1988, and February 9, 2001, enhancing the
charge to a third-degree felony. Evidence that Summers had also been previously convicted of DWI
in 1993 was introduced outside the presence of the jury. After the close of the State's evidence,
Summers filed a motion for directed verdict, arguing the JuneÂ 8, 1988, conviction was too remote
to be used for enhancement. The trial court overruled Summers' motion, citing Weaver v. State


 to
hold that "the trial court is the gatekeeper on the question of whether or not the 1988 conviction was
revived by a subsequent conviction, and it has been." The jury found Summers guilty and assessed
punishment at ten years' imprisonment and a $5,000.00 fine. 
Â Â Â Â Â Â Â Â Â Â Â Â On appeal, Summers only argues that the 1988 DWI conviction alleged in the indictment is
too remote to be used to elevate the primary offense to a third-degree felony. We must now
determine whether the 1988 DWI conviction met each of the requirements for remoteness under
Tex. Pen. Code Ann. Â§ 49.09(e) (Vernon Supp. 2004â2005) and was therefore unavailable for
enhancement. 
Â Â Â Â Â Â Â Â Â Â Â Â Summers argues Getts v. State


 is the controlling case, and the State argues that Weaver is
controlling. We believe both Getts and Weaver lead to the same conclusionâthe 1988 conviction
for DWI can be utilized for enhancement purposes because of the intervening 1993 conviction for
DWI. 
Â Â Â Â Â Â Â Â Â Â Â Â Section 49.09 allows a DWI indictment to be enhanced to a felony of the third degree if the
defendant has been previously convicted two times of any offense relating to the operation of a motor
vehicle while intoxicated. However, subsection (e) disallows the use of a prior conviction if:
(1) the conviction was a final conviction under Subsection (d);
Â 
(2) the offense for which the person is being tried was committed more than
10 years after the latest of: 
Â 
(A) the date on which the judgment was entered for the previous
conviction;
Â 
(B) the date on which the person was discharged from any period of
community supervision on which the person was placed for the previous
conviction; 
Â 
(C) the date on which the person successfully completed any period
of parole on which the person was released after serving a portion of the term
to which the person was sentenced for the previous conviction; or 
Â 
(D) the date on which the person completed serving any term for
which the person was confined or imprisoned for the previous conviction;
and 
Â 
(3) the person has not been convicted of an offense under Section 49.04,
49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor
vehicle while intoxicated within 10 years of the latest date under Subdivision 2. 

Tex. Pen. Code Ann. Â§ 49.09(e).

Â Â Â Â Â Â Â Â Â Â Â Â In Weaver, the DWI conviction on July 24, 2000, was enhanced to a felony conviction with
two prior DWI convictions from August 10, 1990, and January 17, 1984. Weaver, 87 S.W.3d at 558. 
This Court held that both of the convictions were too remote (more than ten years old) and the State
failed to introduce evidence of an intervening conviction before the jury, thereby failing to prove an
essential element of felony driving while intoxicated. Weaver v. State, 56 S.W.3d 896, 899 (Tex.
App.âTexarkana 2001), rev'd, 87 S.W.3d 557. In reversing that opinion, the Texas Court of
Criminal Appeals stated that "a prior intoxication-related conviction may not be used as an element
of the offense of felony DWI if that prior offense was committed more than ten years before the
instant offense, unless there is an intervening intoxication-related conviction." Weaver, 87 S.W.3d
at 561. The Texas Court of Criminal Appeals, however, accepted the evidence of a 1997 DWI
conviction, not alleged in the indictment, which was offered outside the presence of the jury, and
concluded that the 1990 and 1984 convictions were available for enhancement because the 1997
conviction acted as an intervening intoxicated-related conviction. Id. The Texas Court of Criminal
Appeals held that Section 49.09(e) was more akin to a rule of admissibility as opposed to an element
of the offense. Therefore, it was unnecessary to allege the intervening conviction in the indictment
or submit it to the jury. It is sufficient if the State proves the intervening conviction to the trial court
in its case-in-chief. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Similarly, here, the State offered evidence of Summers' prior January 25, 1993, DWI
conviction during its case-in-chief, but outside the presence of the jury. For the 1993 DWI
conviction, Summers was sentenced to twenty-four months of community supervision


 ending
January 25, 1995.
Â Â Â Â Â Â Â Â Â Â Â Â The 1993 DWI conviction for which the community supervision ended in 1995 is an
intervening alcohol-related conviction within ten years of the 1988 conviction. We also note that
the relevant date, January 23, 1995, when Summers was discharged from community supervision,
is likewise within ten years of the primary offense alleged here. In accordance with Tex. Pen. Code
Ann. Â§Â 49.09(e)(2)(B), the trial court did not err in allowing the State to use the prior 1988 DWI
alleged in the indictment to enhance the present 2003 DWI offense. 
Â Â Â Â Â Â Â Â Â Â Â Â In Getts, the Texas Court of Criminal Appeals addressed the time limitations between
enhancements for DWI cases. Getts, 155 S.W.3d 153. Getts had three DWIs: the charged offense
was 2002, and the enhancements were from 1997 and 1984. The court held that, based on the 2001
amendments to the DWI statutes, these enhancements could not elevate Getts' 2002 DWI to a third-degree felony. The 1984 conviction was too remote and there was no intervening alcohol-related
conviction within ten years of the 1984 conviction. The court reasoned that all three conditions of
Tex. Pen. Code Ann. Â§ 49.09(e) were met, making the 1984 conviction unavailable for
enhancement purposes: (1) the 1984 conviction was a final conviction, (2) the 2002 offense was
committed more than ten years after April 29, 1984 [the date of the 1984 conviction], and 3) Getts
was not convicted of another alcohol-related offense within ten years of April 29, 1984. Getts, 155
S.W.3d at 156â57.
Â Â Â Â Â Â Â Â Â Â Â Â In contrast, here, only the first two conditions of Section 49.09(e) have been met: (1) the
1988 conviction is a final conviction, and (2) the 2003 offense was committed more than ten years
after June 8, 1988 [the date of the 1988 conviction]. However, the third condition has not been met
because Summers was convicted of another alcohol-related offense within ten years of the 1988 DWI
convictionâthe 1993 conviction. Since all three conditions needed for the 1988 conviction to be
unavailable for enhancement were not present, the 1988 conviction was available for enhancement
purposes.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â June 27, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 9, 2005

Publish



or-bidi;}
p.MsoFootnoteTextCxSpFirst, li.MsoFootnoteTextCxSpFirst, div.MsoFootnoteTextCxSpFirst
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpMiddle, li.MsoFootnoteTextCxSpMiddle, div.MsoFootnoteTextCxSpMiddle
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoFootnoteTextCxSpLast, li.MsoFootnoteTextCxSpLast, div.MsoFootnoteTextCxSpLast
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-064-CR%20Brown%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00064-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  CHARLES BENNETT BROWN,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 6th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 23894

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Charles Bennett Brown appeals from
his conviction of delivery of cocaine in an amount of more than one gram but
less than four grams within a drug free zone and sentence of eight years of
incarceration.Â  Brown has filed a single
brief, in which he raises issues common to all of his appeals.[1]Â  He argues that the evidence is insufficient
to support the finding that the offense occurred in a drug free zone as alleged
in the indictment and that the trial court committed reversible error in
allowing admission of extraneous offense testimony during punishment due to the
StateÂs exclusion of such testimony in its notice of intent to use extraneous
offense evidence. 

Â Â Â Â Â Â Â Â Â Â Â  We addressed these issues in detail
in our opinion of this date on BrownÂs appeal in cause number
06-11-00061-CR.Â  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  September 7, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September 9, 2011

Â 

Do
Not Publish











[1]In
total, Brown appeals from two convictions of delivery of cocaine in an amount
of less than one gram within a drug free zone in cause numbers 06-11-00061-CR
and 06-11-00062-CR, and two convictions of delivery of cocaine in an amount of
more than one gram but less than four grams within a drug free zone in cause
numbers 06-11-00063-CR and 06-11-00064-CR.